

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# Thompson v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3825

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Thompson v. Johnson" (2008). *2008 Decisions.* Paper 550.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/550

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3825

———

HANEEF THOMPSON,
                    Appellant

v.

ALFONSE JOHNSON, OFFICER #1203,
IN HIS INDIVIDUAL CAPACITY;
BRIAN NEWELL, OFFICER #3306,
IN HIS INDIVIDUAL CAPACITY;
CITY OF PHILADELPHIA

(D.C. Civil No. 05-cv-06214)

———

CORRINE FIELDS, MS.,
                    Appellant

v.

CITY OF PHILADELPHIA; BRIAN
NEWELL; ALFONSE JOHNSON;
JOHN DOE, OFFICERS, INDIVIDUALLY
AND AS POLICE OFFICERS FOR THE
CITY OF PHILADELPHIA

(D. C. Civil No. 05-cv-06296)

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Hon. Harvey Bartle, III

Before:  SLOVITER, FUENTES and NYGAARD, Circuit Judges

Filed: September 9, 2008

OPINION

SLOVITER, Circuit Judge.

## I.

The relevant facts are essentially undisputed.  Plaintiffs-Appellants Corrine Fields and Haneef Thompson brought suit against the City of Philadelphia and two of its police officers in federal district court pursuant to 42 U.S.C. § 1983 and state tort law for alleged injuries arising out of, inter alia, an alleged false arrest.  Appellants are both African-Americans.

The District Court and counsel for both plaintiffs and defendants commenced selecting a jury of eight persons (six jurors and two alternates) out of a panel of thirty-four persons.  The Court struck three of the thirty-four panel members for cause.  Each side then began to use its three peremptory strikes, alternating between plaintiffs and defendants.  The Court intended to seat the first eight jurors remaining by order of seat

number after both sides exercised their peremptory challenges.[1]

Juror No. 46 was an African-American female and a City of Philadelphia employee, whose cousin was a Philadelphia police officer.[2] Defendants attempted to use one of their peremptory challenges to strike Juror No. 46, who was seated in seat number 12. Plaintiffs objected to that peremptory challenge under Batson v. Kentucky, 476 U.S. 79 (1986). The District Court found that "the relevant circumstances of the voir dire supported an inference of discriminatory purpose." App. at 39. Defendants then proffered a non-discriminatory reason for the strike, the juror's potential bias due to recent disputes between Department of Human Services workers and the City, but the District Court rejected the defendants' explanation, stating, "I find that the reason you're striking her is because of her race." App. at 31. Juror No. 46 remained on the panel in seat number 12. Plaintiffs then exercised the rest of their peremptory strikes. Defendants, however, only exercised two of the three, waiving the third. The result was that due to where she was sitting, Juror No. 46 was excluded from the jury but would have been the next person to be seated if any additional juror seated in front of her had

---

[1] The jurors' seat numbers must be distinguished from their "juror numbers," the latter being a random number assigned to each juror by the clerk's office, and the former being the order in which the jurors would be seated if they remained after strikes for cause and peremptory strikes. For our purposes, it is relevant to understand that Juror No. 46 was seated in seat number 12.

[2] Inexplicably, Juror No. 46 was not challenged on the basis of her affiliation with defendant City of Philadelphia.

been struck. Both the plaintiffs and defendants exercised peremptory strikes against potential jurors seated after Juror No. 46; those strikes were ineffective because the jury was empaneled from jurors all seated before Juror No. 46. As the District Court noted, those ineffective strikes "ultimately had the same practical effect as the defendants' decision to waive their use of the third strike." App. at 39.

Plaintiffs did not object to the defendants' waiver of their third peremptory challenge. The jurors in seats 2, 3, 4, 5, 7, 8, 10, and 11 were seated on the jury, and the remaining panelists were excused, including Juror No. 46 (in seat 12). The Court swore in the eight jurors and then took a twenty minute recess, during which counsel discussed logistical matters with the Court. Following the recess the Court gave the jury some instructions, and then both plaintiffs and defendants gave opening statements. The Court declared a lunch recess. Following the lunch recess, plaintiffs challenged defendants' waiver of their final peremptory challenge as violating Batson. The Court ruled that the objection was untimely and did not rule on the merits of plaintiffs' objection. The jury returned a verdict in favor of the defendants. This timely appeal followed.

After plaintiffs filed this appeal, the District Court issued a memorandum opinion explaining its earlier oral ruling that the Batson challenge had been untimely. The Court relied on precedent from this court and others for the proposition that a Batson challenge must be raised prior to the close of voir dire, i.e., before the petit jury is sworn, or else it is waived. The Court concluded that by waiting until after the venire was dismissed, the

4

jury was sworn, the pre-trial jury instructions were given, and the opening statements were made, the plaintiffs' Batson challenge had come too late.

## II.

Plaintiffs argue that defendants' forfeiture of their third peremptory strike had the same effect as actually striking an African-American person from the jury. In United States v. Esparza-Gonzalez, 422 F.3d 897, 902 (9th Cir. 2005), the Court of Appeals for the Ninth Circuit held that the forfeiture of a peremptory jury challenge could form the basis of a Batson challenge because forfeiture of a strike could be viewed as an "effective strike[] against identifiable jurors." We have never addressed that issue. We need not address it because plaintiffs did not make a timely Batson challenge in the District Court. We have held that a Batson challenge must be made before the petit jury has been sworn and prior to the dismissal of the venire. See United States v. Sharma, 190 F.3d 220, 231 (3d Cir. 1999); Gov't of the V. I. v. Forte, 806 F.2d 73, 75 (3d Cir. 1986) (holding that defendant's objection to prosecutor's use of peremptory challenges was waived because it was not made during jury selection). Other appellate courts have held the same. See, e.g., McCrory v. Henderson, 82 F.3d 1243, 1247 (2d Cir. 1996) (requiring Batson objection to be raised during jury selection). The rationale for the contemporaneous objection rule is that it enables the district court to remedy the suspect procedure in several ways, including prohibiting the alleged abusive practice, calling additional jurors to the venire, or granting additional challenges to the party adversely affected. See id.

5

There is no dispute that plaintiffs did not raise their Batson objection until after the venire was dismissed, the petit jury was sworn, preliminary jury instructions were given, opening statements were made, and the Court had called two recesses. We therefore review the District Court's decision with regard to the untimely Batson objection under the plain error standard. See United States v. Mitchell, 365 F.3d 215, 257 (3d Cir. 2004). "To establish plain error, a [litigant] must prove that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 257-58 (citation and internal quotation marks omitted). A "plain error" is one that affects substantial rights. See United States v. Wolfe, 245 F.3d 257, 261 (3d Cir. 2001) (citing United States v. Olano, 507 U.S. 725, 732 (1993)). An error affects "'substantial rights' if it was prejudicial in that it affected the outcome of the District Court proceedings." Id. (citing Olano, 507 U.S. at 733).

Here, the plaintiffs argue that even without an objection, the District Court should have viewed defendants' forfeiture of their last challenge as a potential Batson violation and undertaken remedial measures. Alternatively, plaintiffs argue that the Court should have declared a mistrial when plaintiffs finally objected. We disagree.

Under the facts of this particular case, the actions of plaintiffs were as much the cause of Juror No. 46 not being seated as defendants' forfeiture of the last peremptory

6

strike. Had plaintiffs exercised their peremptory challenges against jurors seated before Juror No. 46, she would have been seated on the petit jury. Instead, plaintiffs struck jurors seated after Juror No. 46, which had no practical effect because no jurors after Juror No. 46 were seated. This result cannot be attributed to the District Court. Thus, we cannot say that the failure to seat Juror No. 46 was caused by any action by the District Court. We will not find that the Court committed plain error when the outcome of the proceedings actually were affected by the strategic choices of plaintiffs' counsel.

## III.

For the above-stated reasons, we will affirm the judgment of the District Court.